IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-229-FL

| | | |
|---|---|---|
| DANTE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF NEW HANOVER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss plaintiff's second amended complaint[1] for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 34). The issues raised have been fully briefed, and in this posture are ripe for ruling. For the reasons that follow, defendant's motion is denied.

### STATEMENT OF THE CASE

Plaintiff initiated this action on December 1, 2017. On May 24, 2018, plaintiff filed his first amended complaint, asserting several claims against defendant under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1866 ("CRA"), 42 U.S.C. § 1981; the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. Gen. Stat. §§ 143–422.1 et seq.; and North Carolina public policy. Defendant filed its first motion to dismiss on July 27, 2018, arguing

---

[1] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the second amended complaint filed January 24, 2019, (DE 31), unless otherwise specified.

1

that plaintiff's first amended complaint must be dismissed in its entirety for failure to state a claim. The court granted the motion, dismissing plaintiff's first amended complaint without prejudice and allowing plaintiff 21 days to file a second amended complaint correcting the deficiencies noted in the court's order. Plaintiff then filed his second amended complaint on January 24, 2019, alleging only that defendant failed to accommodate his disability in violation of the ADA, 42 U.S.C. § 12112. Defendant filed the instant motion to dismiss, again asserting plaintiff fails to state a claim.

## STATEMENT OF THE FACTS

On July 5, 2016, plaintiff was hired by defendant as a social worker in the foster care unit at New Hanover County Department of Social Services ("NHCDSS") (Compl. ¶ 8). As a social worker, one of plaintiff's primary tasks was to reunify families, which he did in several instances. (Id. ¶ 10). Before working for defendant, plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD"), which substantially limited his ability to concentrate, think, interact with others, work, and sleep. (Id. ¶ 11).

Unlike his previous employer, plaintiff's position with defendant required him to work solely during business hours in a cubical setting amongst other social workers. (Id. ¶ 12; see id. ¶ 7). Due to the distraction of his work setting, plaintiff found it difficult to perform all of his duties, including timely completion of necessary paperwork. (Id. ¶¶ 13, 14). Plaintiff's supervisors held feedback sessions with him to discuss his performance deficiencies. (Id. ¶ 13). Plaintiff attempted to alleviate some of the distraction of the work setting by working partially from home, but was advised that working from home was against company policy. (Id. ¶ 15). Plaintiff later learned that defendant allowed other employees to work from home. (Id. ¶ 18).

In the meantime, on or about August 29, 2016, plaintiff emailed Mark Francolini ("Francolini"), defendant's chief human resources officer, informing him of his disability and

requesting an accommodation. (Id. ¶ 16). Francolini advised plaintiff to follow up with Ms. Knips ("Knips"). (Id. ¶ 19). On September 2, 2019, plaintiff met with Knips to discuss possible accommodations. (Id. ¶ 20). After a couple of delays, plaintiff received a reasonable accommodation request packet on October 4, 2016. (See id. ¶¶ 20–24).

On October 5, 2016, plaintiff suggested to his supervisors that he be transferred to an after-hours position in child protective services as an accommodation, in part because there is less distraction in that position. (Id. ¶ 25). The role was similar to the one he had with his former employer. (Id. ¶¶ 25, 27). Defendant advised that the position he referenced required the applicant to have a master's degree in social work. (Id. ¶ 26). Plaintiff requested the education requirement be waived, but defendant refused. (Id. ¶¶ 27–28).

On or about October 18, 2016, defendant provided accommodations for plaintiff's ADHD, moving plaintiff to an different office shared with another coworker and issuing a noise cancelling headset. (Id. ¶¶ 29–30). However, plaintiff's office was small, with about 18 inches separating him from his coworker, and the headset provided to plaintiff did not fit properly. (Id. ¶ 31). Plaintiff informed defendant that the provided accommodations were ineffective but received no response. (See id. ¶ 36). On December 6, 2016, plaintiff was terminated because of the performance deficiencies addressed during prior feedback sessions with his supervisors. (Id. ¶ 37).

## DISCUSSION

A.     Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly,

550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.      Analysis

The ADA makes it unlawful to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A). To state a claim for failure to accommodate under the ADA, plaintiff must allege "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." Wilson v. Dollar Gen. Corp., 717 F.3d 337, 344–45 (4th Cir. 2013) (internal citations and quotations omitted).[2]

1.      Disability

"A plaintiff is disabled if he can show '(1) that he has a physical or mental impairment, (2)

---

[2] Defendant does not challenge that it had notice of plaintiff's alleged disability. (See Compl. ¶ 16).

that this impairment implicates at least one major life activity, and (3) that the limitation is substantial.'" Wicomico Nursing Home v. Padilla, 910 F.3d 739, 751 (4th Cir. 2018) (quoting Heiko v. Colombo Sav. Bank, F.S.B., 434 F.3d 249, 254 (4th Cir. 2006)); see 42 U.S.C. § 12102(1)(A). ADHD may be an impairment under the ADA. See Halpern v. Wake Forest Univ. Health Scis., 669 F.3d 454, 462 (4th Cir. 2012); Rudolph v. Buncombe Cty. Gov't, 846 F. Supp. 2d 461, 471 (W.D.N.C. 2012) (internal citations omitted); see also 42 U.S.C. § 12102(4)(A) (mandating broad coverage of the term disability); 29 C.F.R. § 1630.2(h) (defining physical or mental impairment).

"The ADA provides a nonexhaustive list of major life activities, including 'speaking,' 'concentrating,' 'thinking,' 'communicating,' and 'working.'" Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 572 (4th Cir. 2015) (quoting 42 U.S.C. § 12102(2)(A)); see Class v. Towson Univ., 806 F.3d 236, 244–45 (4th Cir. 2015). "[W]hether an impairment substantially limits a major life activity requires an individualized assessment" into plaintiff's ability "to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii), (iv). "The term 'substantially limits' shall be construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA. 'Substantially limits" is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i); see 42 U.S.C. § 12102(4)(B).

Plaintiff alleges that he has been diagnosed with ADHD several years before working for defendant. (Compl. ¶ 11). He further alleges that his ADHD substantially limits major life activities, including concentrating, thinking, interacting with others, working, and sleeping. (Id.). Due to plaintiff's ADHD, working during business hours in a cubical setting amongst other social workers distracted him from completing necessary work-related paperwork in a timely manner. (See id. ¶¶ 12–14). The court infers plaintiff has alleged disability. See Bordonaro v. Johnston Cty. Bd.

5

of Educ., 938 F. Supp. 2d 573, 578–79 (E.D.N.C. 2013) (reserving ruling on the issue of substantial limitation for a complete record).

    2.    Qualified Individual

"The term 'qualified individual' means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). To determine whether plaintiff is a qualified individual, the court considers "(1) whether []he could 'perform the essential functions of the job, i.e., functions that bear more than a marginal relationship to the job at issue,' and (2) if not, whether 'any reasonable accommodation by the employer would enable [him] to perform those functions.'" Tyndall v. Nat'l Educ. Centers, Inc. of California, 31 F.3d 209, 213 (4th Cir. 1994); see Rohan v. Networks Presentations LLC, 375 F.3d 266, 279 (4th Cir. 2004). "A job function is essential when 'the reason the position exists is to perform that function.'" Jacobs, 780 F.3d at 579 (quoting 29 C.F.R. § 1630.2(n)(1)).

Reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations." 42 U.S.C. § 12111(B)(9). "An employer is not required to grant even a reasonable accommodation unless it would enable the employee to perform all of the essential functions of her position." Jacobs, 780 F.3d at 581. Moreover, "[a]n employer may reasonably accommodate an employee without providing the exact accommodation that the employee requested. Rather, the employer may provide an alternative reasonable accommodation." Reyazuddin v. Montgomery Cty., Maryland, 789 F.3d 407, 415 (4th Cir. 2015).

6

In the instant case, plaintiff alleges that the purpose of his job was to implement plans to help reunify families. (Compl. ¶ 10). Plaintiff alleges examples of where he successfully accomplished this job function without accommodation. (See id.). However, plaintiff also alleges that, soon after his employment began, his supervisors began meeting with him to discuss his failure to complete and turn in necessary work-related paperwork. (Id. ¶ 13). Plaintiff admits that "[d]ue to the distraction of his work setting, [p]laintiff found it difficult to perform all of his duties including timely completion of paperwork." (Id. ¶ 14). Plaintiff has pleaded the essential functions of his job. Plaintiff is able to reunify families without need of accommodation, (see Compl. ¶ 10), but he is unable to timely complete the associated necessary paperwork without accommodation due to his ADHD. (See id. ¶¶ 12–14). Accordingly, the court must determine whether any reasonable accommodation would enable plaintiff to complete the necessary paperwork.

Plaintiff alleges that his ADHD limited him because of distractions created by working solely during business hours in a cubical setting amongst other social workers. (See Compl. ¶¶ 12, 14, 15, 17). He identifies four possible accommodations that could help him avoid distractions created by the office setting: 1) working from home, 2) transferring to an after-hours position, 3) working in a private office, or 4) wearing a headset that fit properly to cancel outside noise. (See id. ¶¶ 17, 18, 25, 34, 35). Viewing the complaint in light most favorable to plaintiff, the court infers that the accommodations would eliminate the workplace distractions arising from plaintiff's ADHD, allowing plaintiff to perform the essential functions of his job.

Defendant first argues that the proposed accommodations are not reasonable because they would not help plaintiff perform the essential functions of the job, including reunification of families. (Def. Br. (DE 35) at 11). Defendant's argument is unpersuasive. Plaintiff alleges he could reunify families without accommodation, but he could not complete the associated requisite

paperwork without accommodation. (See Compl. ¶¶ 10, 14).

Defendant also argues that working from home is not a reasonable accommodation because plaintiff does not specifically allege what office-related distractions would be mitigated by working at home. (Def. Br. (DE 35) at 10). However, plaintiff's ADHD allegedly was made worse by distractions caused by his coworkers in shared office space. (Compl. ¶¶ 12, 17). The court infers from the complaint that working from home would eliminate distractions arising in the office, allowing plaintiff to perform the essential functions of his job.[3]

Defendant asserts that transferring to an after-hours position is unreasonable because plaintiff does not have a master's degree in social work. (Def. Br. (DE 35) at 10; see Compl. ¶¶ 25–26). Plaintiff concedes that he does not have the educational degree required for the position, but alleges that his experience performing the same job for his former employer nonetheless qualifies him for the position. (See Compl. ¶ 27). Transfer to the after-hours position is not a reasonable accommodation because plaintiff was not qualified for the job. See 29 C.F.R. § 1630.2(m) (defining "qualified" to include educational requirements of the employment position an individual desires to hold); Jiminez v. Mary Washington Coll., 57 F.3d 369, 383 (4th Cir. 1995) ("A defendant's requirements with respect to a Title VII plaintiff's academic degree does not constitute invidious discrimination."). Nonetheless, the three other accommodations identified by plaintiff are inferred by the court to be reasonable, making plaintiff a qualified individual.

3. Refusal to Make Accommodations

"[A]n employee's accommodation request, even an unreasonable one, typically triggers an employer's duty to engage in an 'interactive process' to arrive at a suitable accommodation

---

[3] The court leaves for ruling on a more complete record the question of whether attendance is also an essential function of plaintiff's job that would preclude working from home. See Hannah P. v. Coats, 916 F.3d 327, 339 (4th Cir. 2019).

8

collaboratively with the employee." Summers v. Altarum Inst., Corp., 740 F.3d 325, 331 n.4 (4th Cir. 2014) (citing Wilson, 717 F.3d at 346–47). "A party that fails to communicate, by way of initiation or response, may [] be acting in bad faith. In essence, courts should attempt to isolate the cause of the breakdown and then assign responsibility." Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 323 (4th Cir. 2011) (quoting Beck v. Univ. of Wisconsin Bd. of Regents, 75 F.3d 1130, 1135–36 (7th Cir.1996)). "However, an employer will not be liable for failure to engage in the interactive process if the employee ultimately fails to demonstrate the existence of a reasonable accommodation that would allow her to perform the essential functions of the position." Jacobs, 780 F.3d at 581; Wilson, 717 F.3d at 347. Where an employer provides accommodations to plaintiff, the inquiry encompasses whether the accommodations actually provided were reasonable. See Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422, 432–33 (4th Cir. 2015); Bunn v. Khoury Enterprises, Inc., 753 F.3d 676, 682–83 (7th Cir. 2014).

Here, plaintiff notified defendant of his disability and requested an accommodation on or around August 29, 2016. (Compl. ¶ 16). After meeting with plaintiff and considering his requested accommodation, (see id. ¶¶ 16–28), defendant determined that an office change and noise cancelling headset appropriately accommodated plaintiff's ADHD. (See id. ¶¶ 29–30). The office change and headset were allegedly ineffective because being so close to another coworker in a small space failed to eliminate the distraction, and the headset did not fit and did not adequately cancel out the noise. (Id. ¶¶ 31–33). Plaintiff informed defendant that its accommodations were ineffective and defendant took no further action. (Id. ¶ 36). Plaintiff was then terminated because of his failure to timely complete his paperwork on December 6, 2016. (See id. ¶ 37). The facts alleged in the complaint support an inference that defendant refused to provide a reasonable accommodation where one was possible.

9

Defendant argues it was relieved of engaging further with plaintiff when he informed defendant that his office and headset did not eliminate office distraction. (Def. Br. (DE 35) at 13 (citing Martinson v. Kinney Shoe Corp., 104 F.3d 683, 687 (4th Cir. 1997) (noting a general request for accommodation is insufficient under the ADA))). Defendant's argument is unpersuasive. Plaintiff alleges that defendant ceased to communicate with him about ADA accommodations, and that three different reasonable accommodations could have been provided. Accordingly, plaintiff states a claim for failure to accommodate.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 34) is DENIED. Having disposed of the instant motion, the court hereby LIFTS the stay on this case, and an initial order on planning and scheduling will follow.

SO ORDERED, this the 18th day of July, 2019.

LOUISE W. FLANAGAN
United States District Judge