IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:17-CV-229-FL

| | | |
|---|---|---|
| DANTE MURPHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| COUNTY OF NEW HANOVER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to seal its memorandum of law, statement of material facts, and appendix of testimony and exhibits in support of its motion for summary judgment. (DE 61). On July 7, 2020, the court ordered defendant to supplement is motion with further explanation of why sealing of its materials in support of summary judgment was warranted. On July 16, 2020, defendant filed its supplement. The issues raised are ripe for ruling.

**COURT'S DISCUSSION**

"[T]he more rigorous First Amendment standard [for sealing] should [] apply to documents filed in connection with a summary judgment motion in a civil case." Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004) (citing Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 252, 253 (4th Cir. 1988)). Under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." Rushford, 846 F.2d at 253 (citing Press-Enter. Co. v. Superior Court of California, Riverside Cty., 464 U.S. 501, 510 (1984)). In order to seal documents, the court must 1) "give the

public notice of a request to seal and reasonable opportunity to challenge it," 2) "consider less drastic alternatives to sealing," and 3) "state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing." Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (quoting In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984)).

Defendant identifies three classes of documents sought to be protected by its motion to seal: 1) plaintiff's personnel file, 2) plaintiff's medical records, and 3) supervisor notes containing information of or pertaining to social services recipients.

Turning first to plaintiff's personnel file, "[a]ll information contained in a county employee's personnel file … is confidential and shall be open to inspection only in" certain limited circumstances, such as "[b]y order of a court of competent jurisdiction." N.C. Gen. Stat. § 153A-98(c). However, the general right to privacy of an employee's personnel files is lessened where an employee accuses his former employer of discrimination. See Hicks v. Robeson Cty., 187 F.R.D. 232, 235 (E.D.N.C. 1999). Where the First Amendment requires a compelling government interest, and plaintiff has placed his work performance in issue in the instant action, the court does not find sealing plaintiff's personnel records based on general assertions of the confidentiality of personal records appropriate at summary judgment. However, one personnel record contains information protected under Rule 5.2 of the Federal Rules of Civil Procedure, (see DE 60-2 at 1), and will be maintained under seal. Defendant is ordered to file a redacted version of DE 60-2.

Turning to plaintiff's medical records, "individuals do have a limited right to privacy in their medical records." Doe v. Se. Pennsylvania Transp. Auth. (SEPTA), 72 F.3d 1133, 1137 (3d Cir. 1995) (citing Whalen v. Roe, 429 U.S. 589, 602 (1977)). Defendant correctly notes that plaintiff puts his disability in issue in the instant case, and thus his medical questionnaire (DE 60-

2

17) is not subject to sealing. See Stanford v. Cont'l Cas. Co., 455 F.Supp.2d 438, 446 (E.D.N.C. 2006) (recognizing that cases challenging a denial of ERISA health benefits routinely involve the disclosure of medical information and refusing to seal an administrative record that contained medical records). However, plaintiff's medical notes, (DE 60-7), disclose far more comprehensive information irrelevant to plaintiff's disability claim, such as his health insurance information, prescription provider, and other medical information. Less drastic alternatives to sealing are not possible. Accordingly, defendant's motion to seal is granted as to plaintiff's medical note. See DE 60-7.

Finally, defendant asks to seal supervisor notes discussing the cases of social services recipients. (See DE 65-11). In the instant case, the court finds that protecting the privacy and reputational interests of social services recipients not a party to this action is a compelling government interest. See Pennsylvania v. Ritchie, 480 U.S. 39, 60 (1987); United States v. Smith, 776 F.2d 1104, 1115 (3d Cir. 1985). Turning to the issue of whether less drastic alternatives to sealing exist, defendant notes that the department of social services "redacted those portions of [] notes containing the personal/contact information of the referenced third-party social service recipients prior to production." (Def. Resp. (DE 65) at 8). Defendant further concedes "that the sensitive information contained therein appears to be sufficiently protected in the document's current format." (Def. Resp. (DE 65) at 8). In sum, less drastic alternatives to sealing, specifically lodging the proposed sealed document in its redacted form, is sufficient to protect social services recipients' privacy interests without additional restriction on the public's First Amendment right to access court records.

3

## CONCLUSION

Based on the foregoing, defendant's motion to seal (DE 61) is GRANTED IN PART and DENIED IN PART. IT IS ORDERED that the exhibits lodged at DE 60-2 and DE 60-7 are SEALED. Within seven days, defendant is ORDERED to file a redacted version of DE 60-2 that complies with Rule 5.2 of the Federal Rules of Civil Procedure. Except as expressly provided herein, IT IS FURTHER ORDERED that those documents lodged at DE 58, 59, and 60, including all attachments except DE 60-2 and 60-7, be UNSEALED.

SO ORDERED, this the 5th day of August, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge